**UNITED STATES of America, Plaintiff,**

v.

**Robert Adler STRANDQUIST, Defendant.**

**No. 4–72–Cr. 123.**

United States District Court, D. Minnesota, Fourth Division.

July 14, 1972.

Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

John R. Graham, Minneapolis, Minn., for defendant.

## MEMORANDUM DECISION AND FINDING OF NOT GUILTY

LARSON, District Judge.

Defendant was indicted on March 10, 1972, for failing to comply with an order of his local selective service board to report for and submit to induction into the Armed Forces, in violation of the Military Selective Service Act of 1967, 50 App. U.S.C. § 462. The matter was tried to the Court on May 19, 1972.

Defendant originally registered with the Selective Service System in January 1965. He was classified II–S until he graduated from college in June 1969. Following his graduation, defendant

signed a contract to teach in the Malta, Montana, Public School System during the 1969–70 academic year. On the basis of this contract defendant sought a II–A occupational deferment from his local board. The local board, however, rejected defendant's application and on August 12, 1969, classified him I–A. Defendant appealed his I–A classification to the Montana State Appeal Board, which on February 17, 1970, reversed the local board's determination and classified defendant II–A.

In April 1970 defendant signed a contract to continue to teach in the Malta Public School System during the 1970–71 academic year. On the basis of this contract he sought a continuation of his II–A deferment. The local board, however, again rejected defendant's application and on May 5, 1970, reclassified him I–A. Defendant again appealed this determination to the Montana State Appeal Board. This time, however, the appeal board agreed with the local board and classified defendant I–A. This action by the appeal board took place on September 22, 1970. Neither the local board nor the appeal board set forth a statement of reasons for their denials of defendant's request to be classified II–A.

Thereafter, by letter dated September 30, 1970, defendant was ordered to report for induction on October 12, 1970. This induction date, however, was postponed to permit defendant to complete his teaching duties during the 1970–71 academic year. Following the completion of the 1970–71 academic year defendant was ordered to report for induction on June 21, 1971. On the specified date defendant reported at the induction station, but refused to submit to induction. It was this refusal which brought about the instant prosecution.

Following trial defendant presented various arguments for judgment of acquittal. Since the Court has determined that one of these arguments is meritorious and does require a judgment of acquittal, only that argument will now be discussed.

Defendant's argument concerns the failure of the local board to set forth a statement of reasons for its denial in the summer of 1970 of his request for a II–A classification. In this regard, the Eighth Circuit Court of Appeals has recently held that a local board's failure to set forth a statement of its reasons for its denial of a I–O (conscientious objector) classification, where the registrant had first established a prima facie case for such a classification, constituted a fatal procedural error and required the Court to grant a judgment of acquittal. United States v. Hanson, 460 F.2d 337 (8th Cir., 1972). This same conclusion has recently been reached by the United States Supreme Court and, prior to that, by at least three other Circuit Courts of Appeals. See Joseph v. United States, 405 U.S. 1006, 92 S.Ct. 1274, 31 L.Ed.2d 473 (1972); Fein v. Selective Service System, 405 U.S. 365, 92 S.Ct. 1062, 31 L.Ed.2d 298 (1972); Scott v. Commanding Officer, 431 F.2d 1132 (3rd Cir. 1970); United States v. Broyles, 423 F.2d 1299 (4th Cir. 1970); United States v. Haughton, 413 F.2d 736 (9th Cir. 1969). After thoroughly examining the rationale of these various decisions, this Court has concluded that, absent a contrary directive from the Eighth Circuit Court of Appeals or the United States Supreme Court, the rule enunciated in *Hanson* should be applied to cases such as the instant case, in which the classification sought by the registrant was II–A, rather than I–O.

The rationale of the rule requiring a statement of reasons for the denial of a conscientious objector classification is that written reasons are necessary to provide the registrant with a basis for meaningful appeal within the Selective Service System and review in the Courts. This rationale applies equally as well to the denial of a request for a II–A classification. For example, using the facts in the instant case, had the local board provided the defendant with a statement of reasons for the denial of his request to be classified II–A, the defendant and his employer could then

have made an attempt to provide the appeal board with additional facts to refute those reasons. In the absence of such a statement of reasons, however, such an attempt would have been fruitless, because the defendant and his employer were completely uninformed as to what aspects of defendant's application were considered by the local board to be deficient, and thus had no idea of what type of additional facts they should present. They therefore were effectively precluded from making a meaningful appeal within the Selective Service System.

Furthermore, just as in conscientious objector cases, a board's failure to set forth a statement of reasons for its denial of a request for a II–A deferment prevents the registrant from obtaining meaningful review of the board's decision in the courts, because the courts are unable to determine whether the board applied proper standards in considering the registrant's application.

Therefore, since the Court has determined that the requirement for a statement of reasons does apply to cases such as the instant case in which the requested classification was II–A, and since it is clear that no such statement of reasons was set forth by the local board in the instant case, it only remains for the Court to determine whether the defendant in the instant case had established a prima facie case for a II–A classification prior to the local board's denial of his request for such a classification. If he had, then he must be acquitted of the charge in the Indictment.

This determination requires little discussion in the instant case. There is little doubt that the defendant had established such a prima facie case. This conclusion can best be illustrated by examining the appropriate selective service regulations.

On May 5, 1970, when defendant's request to be classified II–A was denied by the local board, the pertinent selective service regulations with regard to II–A occupational deferments were contained in Local Board Memorandum No. 105 and 32 C.F.R. § 1622.23. Local Board Memorandum No. 105, which was issued on April 23, 1970, eliminated all future occupational deferments. It expressly provided, however, that:

"A registrant who has been granted a II–A deferment based upon occupation prior to April 23, 1970, shall be entitled to retain it and have it renewed *provided* that he continues to qualify under the previous standard of 'essential community need.' Boards should insure that full consideration is given to the criteria established in section 1622.23(a) (2) and (3) of the regulations." Local Board Memorandum No. 105, 7(a). See Executive Order 11527, 35 Fed.Reg. 6571 (1970).

Since defendant had been granted a II–A deferment prior to April 23, 1970, this quoted portion of the memorandum clearly applied to his situation. At that time § 1622.23(a) provided as follows:

"A registrant's continued service in an occupation identified pursuant to § 1622.22(a) shall be considered to be necessary to the maintenance of the national health, safety, or interest only when all of the following conditions exist:

(1) The registrant is, or but for a seasonal interruption would be, engaged in such activity.

(2) The registrant cannot be replaced because of a shortage of persons with his qualifications or skill in such activity.

(3) The removal of the registrant would cause a material loss of effectiveness in such activity."

This Court has determined that the information contained in Item 40 in defendant's selective service file [1] satisfied the requirements of these regulations and established a prima facie case for a II–A occupational deferment. Item 40 is a Teacher Employment Questionnaire (Minn. Form 80), which was completed

---

1. Defendant's selective service file was received in evidence as Government's Exhibit 1.

by the Superintendent of the Malta, Montana, Public School System and returned to the local board on April 30, 1970. The information contained in this questionnaire included the following:

A statement by the superintendent that: "There is a shortage of English teachers. He is finishing his first year of teaching. We need some continuity in our English Dept." The superintendent also stated that if Mr. Strandquist were not granted a deferment for the 1970–71 school year, finding a replacement for him would be difficult. As a basis for this conclusion the superintendent stated: "I have been recruiting teachers for this area for the past four years." (This statement obviously was a reference to previous communications with the local board in which the superintendent had indicated that, because of Malta's location, it was difficult to find teachers who were willing to come to that area.)

Although the superintendent did not use precisely the same terminology that is used in the regulations, this Court nevertheless feels that this information was at least sufficient to establish a prima facie case for a II–A deferment. Therefore, the local board's failure to set forth a statement of reasons for its denial of the requested deferment was a fatal procedural error and requires a judgment of acquittal in the instant case.

At this point it should be noted that this Court does not hold that the defendant must now receive a II–A occupational deferment, nor that the defendant was necessarily entitled to such a deferment in the summer of 1970, nor that the record fails to reveal a basis in fact for the local board's denial of such a deferment in the summer of 1970. The Court merely holds that since the defendant did establish a prima facie case for a II–A deferment, the local board's failure to set forth a statement of reasons for its denial of such a deferment was a fatal procedural error which invalidated the subsequent order require-

ing defendant to report for induction. And since the order requiring defendant to report for induction was invalid, defendant cannot be convicted of the charge of failing to comply with that order.

Defendant is found not guilty of the offense charged in the Indictment.